

FILED

DEC 1 3 2005



ENTERED

DEC 1 3 2005

1

2

3

4

5

6

7

8 # UNITED STATES BANKRUPTCY COURT

9 # CENTRAL DISTRICT OF CALIFORNIA

10 # LOS ANGELES DIVISION

11

| | |
|---|---|
| In re | Case No. LA 03-39268 TD |
| SHAHRAM MESBAHI, aka SHAWN MESBAHI, aka SHARAM MESBAHI, | Adv. No. LA 05-01139 TD |
| Debtor. | Chapter 7 |
| | MEMORANDUM OF DECISION |
| KHANBABA BANAYAN, an individual, and PARIROKH G. BANAYAN, an individual, | DATE: October 28, 2005 |
| Plaintiffs | TIME: 2:00 p.m. |
| | PLACE: Courtroom 1345 |
| v. | |
| SHAHRAM MESBAHI, aka SHAWN MESBAHI, aka SHARAM MESBAHI, an individual, | |
| Defendant. | |

26 This matter was tried on October 28, 2005, by written declaration pursuant to

order entered on June 27, 2005. Shai Oved of the Law Offices of Shai Oved appeared

for plaintiffs Khanbaba Banayan and Parirokh Banayan (Plaintiffs) and Shahram

Mesbahi appeared pro se as the defendant (Defendant). The evidence has been

briefed and argued.

## INTRODUCTION

Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy

Code on November 14, 2003. He obtained a discharge on February 23, 2004, and his

case was closed on March 12, 2004. Subsequently, Plaintiffs obtained an order

reopening the case in order to seek to revoke the Defendant's discharge pursuant to

11 U.S.C. §§ 727(d)(1) and(d)(2). (All section references herein are to the Bankruptcy

Code.) Plaintiffs promptly thereafter filed their complaint (Ex. 2).

Plaintiffs also named Defendant's wife, Katie Mesbahi, also known as

Keyhaneh Dirinpour and Keyhaneh Mesbahi, as a defendant but she was dismissed

from the suit by order entered on June 24, 2005. Plaintiffs pursued discovery by

sending a request for production of documents to the Defendant on May 12, 2005 (Ex.

3). On June 12, 2005, Defendant provided to Plaintiffs his written response and some

documents, although not enough to satisfy the Plaintiffs. Three months later, Plaintiffs

filed a motion for an order compelling documents, to extend discovery, and for

summary judgment or summary adjudication. Plaintiffs' failure to properly follow Local

Bankruptcy Rule 9013-1(c) led to an order denying the discovery aspects of the

motion entered on October 14, 2005. (Plaintiffs' request for summary judgment and

summary adjudication also were denied.)

In their Complaint, Plaintiffs assert six claims for relief under § 727(d)(1) and

three claims for relief under § 727(d)(2). Section 727(d), in part, provides for

revocation of a granted discharge if:

2

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . . .

The specific charging allegations are set forth in paragraphs 7 and 10 of

Plaintiffs' Complaint, as follows:

7.     Debtor's discharge was obtained through fraud of the Debtor in that Debtor, among other things, failed to disclose assets of the estate to wit:

   a.     Debtor failed to disclose his proceeds and/or interest in the property located at 3521 Caribeth Drive, Encino, CA 91436; 1934 Idaho Ave., Santa Monica, CA 90403; 30181 Anamonte, Laguna Niguel, CA 92677; and others which are believed to be held in trust in the names of other individuals and/or entities;

   b.     Debtor failed to disclose gross rental income from his properties;

   c.     Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition;

   d.     Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case;

   e.     Debtor knowingly and fraudulently, in or in connection with the case made a false oath or account[;]

   f.     Plaintiff [sic] believes other assets may have been secreted and/or undisclosed and will seek leave to further amend this complaint once the extent and nature of those

3

1    assets are learned for example, Sam Rox Industries, Inc.,
     L'orient Industry, Venom Jean, etc.

2
                              *   *   *
3

4    10.    The Debtor acquired property that is property of the estate, and
            knowingly and fraudulently failed to report the acquisition of or
5           entitlement to such property, or to deliver or surrender such
            property to the trustee to wit:

6    a.     Debtor failed to disclose his interest in the property located
            at 3521 Caribeth Drive, Encino, CA 91436; 1934 Idaho
7           Ave., Santa Monica, CA 90403; 30181 Anamonte, Laguna
            Niguel, CA 92677; and others which are believed to be
8           held in trust in the names of other individuals and/or
            entities;

9    b.     Debtor failed to disclose gross rental income from his
10          properties;

11   c.     Plaintiff [sic] believes other assets may have been
            secreted and/or undisclosed and will seek leave to further
12          amend this complaint once the extent and nature of those
            assets are learned for example, Sam Rox Industries, Inc.,
13          L'orient Industry, Venom Jean, etc.

14   (Ex. 2).

15        The following are my findings of fact and conclusions of law with respect to the

16   claims and evidence herein.

17                              **DISCUSSION**

18        Plaintiffs' claims are supported by little evidence. Defendant offered late-filed

19   declarations as evidence in opposition, but these were stricken as untimely upon

20   Plaintiffs' objection.

21   **1. Claims Unsupported By Any Evidence**

22        To support their claims for revocation of discharge under both §§ 727(d)(1) and

23   (d)(2), Plaintiffs assert that the Defendant failed to disclose gross rental income from

24   his properties (Ex. 2, Complaint, paragraphs 7b and 10a and b). However, Plaintiffs'

25   evidence fails to establish that any rental properties were owned by the Defendant, or

26   for that matter, that the Defendant had any rental income. Thus, no basis is

                                    4

1   established to support Plaintiffs' claims.

2        Plaintiffs also assert that the Defendant

3   with intent to hinder, delay, or defraud a creditor . . . has transferred,
    removed, destroyed mutilated, or concealed, or has permitted to be
4   transferred, removed, destroyed, mutilated, or concealed, property of the
    [Defendant], within one year before the date of the filing of the petition,
5   or property of the estate, after the date of the filing of the petition.

6   (Ex. 2, Complaint, paragraph 7c). Again, Plaintiffs' evidence fails to establish that

7   Defendant owned any property within the relevant period that was not disclosed.

8        **2. Claims Supported By Scant Evidence**

9        Plaintiffs provide only scant evidence to support three other claims for

10  revocation of Defendant's discharge. First, Plaintiffs urge that the Defendant failed to

11  disclose his interest in a number of properties (Ex. 2, Complaint, paragraph 7a). To

12  support this argument with respect to the property located at 3521 Caribeth Drive,

13  Encino, California (Caribeth Property), Plaintiffs' evidence consists of a series of

14  declarations from Plaintiff Khanbaba Banayan (Khanbaba), Allan Herzlich (Herzlich),

15  former counsel for Plaintiffs, and Shai Oved (Oved), counsel for Plaintiffs, that parrot a

16  declaration attached to a motion filed in state court, apparently from Katie Mesbahi.

17  The purported declaration, which Plaintiffs crib and introduce without any

18  corroboration, was introduced as part of Plaintiffs' evidence. Katie's state court

19  declaration as used in this case is clearly hearsay since Plaintiffs are using her out-of-

20  court statements to prove the truth of the matter asserted. See Fed. R. Evid. 801(c).

21  Hearsay when admitted without objection is treated as if it were admissible and given

22  its natural probative effect. Diaz v. U.S., 223 U.S. 442, 450 (1912); N.L.R.B. v. Int'l

23  Union of Operating Engineers, 413 F.2d 705, 707 (9th Cir. 1969). Evidence can be

24  disregarded if the credibility of the witness is in question. Hayden v. Chalfant Press,

25  Inc., 281 F.2d 542, 546 (9th Cir. 1960); see also Fed. R. Bankr. P. 7052(a). An

26  allegation made in a pleading has never been regarded as evidence against an

5

opposing party. <u>Mitsuuchi v. Security-First Nat. Bank</u> (1951) 103 Cal.App.2d 214, 219

(noting that an allegation in a pleading is both hearsay and self-serving). Here,

Defendant raised no objections to the admission of Katie's declaration. Plaintiffs

assert Katie's declaration in an effort to prove, apparently, that Defendant had a

community property interest in the Caribeth Property, but Plaintiffs fail to provide any

corroborating evidence. On the other hand, the Defendant responded in his document

production that he did not have any interest in property (Ex. 4, page 4, paragraph 41).

On balance, I find the Katie Mesbahi declaration unconvincing of wrongdoing on the

Defendant's part sufficient to warrant revocation of discharge in the face of

Defendant's explicit denial of any interest in property and the lack of any corroboration

of Katie's state court declaration.

The only other evidence of Defendant's interest in "property" in reference to the

alleged properties identified in the Complaint was contained in Defendant's document

production responses. These responses offered in evidence as Exhibit 4 as part of

Plaintiffs' case include Defendant's bank statements, student loan statements, a

photocopy of a driver's license, and income tax returns listing the Caribeth address as

the Defendant's address. This evidence offered by Plaintiffs is inadequate to support a

claim that the Defendant failed to disclose any property as asserted in Plaintiffs'

Complaint.

Second, Plaintiffs assert that Defendant "concealed, destroyed, mutilated,

falsified, or failed to keep or preserve any recorded information . . . from which the

[Defendant's] financial condition or business transactions might be ascertained . . . ."

(Ex. 2, Complaint, paragraph 7d). Peppered throughout Plaintiffs' trial brief,

declarations, and exhibits are laments that Plaintiffs were unable to secure information

directly from the Defendant. At the same time, the record establishes that Defendant

responded to Plaintiffs' written discovery, that is, Plaintiff's Document Request (Ex. 3).

1    Defendant's responses are contained in Exhibit 4 and include answers and

2    documentary evidence introduced at trial by Plaintiffs. While Plaintiffs moved to

3    compel further responses, as I announced on the record at the hearing on Plaintiffs'

4    motion, the motion was denied because Plaintiffs had not met their due diligence and

5    documentary obligations under the discovery rules. Beyond that, Plaintiffs directed no

6    effective follow up effort at Defendant or to obtain relevant and persuasive evidence

7    from third parties or sources other than the Defendant. Plaintiffs' attempt to assert the

8    unavailability or lack of cooperation of third parties here is unavailing. It does not

9    establish a basis for revocation of Defendant's discharge.

10        Third, Plaintiffs assert that Defendant had other assets that were "secreted

11   and/or undisclosed," including ownership interests in entities such as Sam Rox

12   Industries, Inc., L'orient Industry, and Venon Jean (Ex. 2, Complaint, paragraph 7f and

13   10c). To support these claims, Plaintiffs introduced into evidence pleadings from two

14   state court cases. The first is a declaration to which are attached copies of a series of

15   canceled checks and correspondence between third parties (Ex. 8). The Defendant's

16   culpability based on this evidence was unexplained by Plaintiffs. The evidence simply

17   establishes that Defendant had signed some of the checks. The evidence does not

18   establish that the Defendant had any ownership interest in any entity. The more

19   plausible inference to be drawn from the evidence is that Defendant signed checks in

20   his capacity as an employee/manager, not as an owner. A second state court pleading

21   introduced by Plaintiffs consists of a complaint filed against a number of defendants

22   including our Defendant that simply reveals that our Defendant was alleged to have

23   been a guarantor (Ex. 9). This evidence is insufficient to establish that our Defendant

24   concealed assets in his bankruptcy filings.

25        Plaintiffs' evidence also includes a collection of Internet reports from the

26   California Secretary of State relating to a number of corporations (Ex. 10). None of

7

1   these reports identifies the owner of stock in any corporation. The closest connection

2   the Plaintiffs are able to draw between the Defendant and these entities is that the

3   agent for service of process designated for Giove International lists the Caribeth

4   address as the contact address, and that Giove International and Sam-Rox Industries,

5   Inc., both list the same address of 1407 Paloma St, Los Angeles, CA 90021. While

6   this may suggest *something* is going on between Defendant and these companies,

7   such evidence alone is insufficient to support a conclusion that the Defendant

8   concealed assets and that his discharge should be revoked.

9         The last piece of evidence adduced to support Plaintiffs' claim that Defendant

10  concealed assets is an excerpt that the Herzlich and Oved declarations assert is from

11  a transcript (Ex. 11) described as from "the trial of the 11 U.S.C. § 523" [sic], although

12  no foundational details are provided (Herzlich Declaration, paragraph 11; Oved

13  Declaration, paragraph 21; Ex. 11). Setting aside the lack of any explanatory

14  foundation, the excerpt of the transcript introduced by Plaintiffs suggests that

15  Defendant had testified in an earlier trial that he held stock in "TS Investment" and

16  "American Dream Homes" (Ex. 11, 22:10-16). In his Statement of Financial Affairs,

17  Defendant did not list either of these entities (Ex. 1, page 6, question 18). While I can

18  take judicial notice of the fact that the earlier trial alluded to occurred before me some

19  months ago, Plaintiffs' evidence does not establish the dates of existence of either

20  entity mentioned, the dates of Defendant's involvement in either entity, or the

21  materiality of either entity to Defendant's bankruptcy.

22        **3. False Oath or Account?**

23        The remaining claim asserted by Plaintiffs is that the Defendant knowingly and

24  fraudulently made a false oath or account (Ex. 2, Complaint, paragraph 7e). I have

25  sifted through the record in an attempt to discern what evidence Plaintiffs have

26  introduced to support their claim. As best as I can tell, and apart from issues

8

1  previously discussed in this memorandum, I conclude that Plaintiffs may be asserting

2  three other claims: (a) failure to disclose offices held in TS Investments and/or equity

3  ownership in TS Investments and American Dream Homes; (b) failure to identify

4  Defendant's spouse or former spouse; and (c) failure to identify income.

5  A. Failure to Disclose Offices and Equity Ownership

6  Plaintiffs argue that the transcript excerpt (Ex. 11) conclusively proves that the

7  Defendant failed to disclose offices he held in a corporation or stock ownership in TS

8  Investments or American Dream Homes (Declaration of Herzlich, page 5, paragraph

9  11, lines 23-28; Declaration of Oved, paragraph 21, lines 17-21; Ex. 11), but upon

10  careful examination, the excerpt does not convincingly support such a conclusion. As

11  noted above, the evidence does not establish the existence, time frame, or the

12  materiality of either entity. Thus, Defendant's failure to disclose here has not been

13  persuasively shown to be grounds for revocation of his discharge.

14  B. Failure to Identify Defendant's Spouse or Former Spouse

15  Plaintiffs argue that Defendant in his Statement of Financial Affairs checked the

16  box labeled "None" in section 16 titled "Spouses and Former Spouses," (Ex. 1, page 5,

17  section 16) and signed under oath on November 13, 2003 attesting to the accuracy of

18  his Statement of Financial Affairs (Declaration of Herzlich, page 3, paragraph 6, lines

19  16.5-20.5; Declaration of Oved, paragraph 10, lines 3-7). Defendant responded in his

20  document production that Keyhaneh Mesbahi was his ex-wife (Ex. 4, page 4,

21  paragraph 48). Tax returns for 2001 and 2003 that Defendant produced show he filed

22  a joint return with Keyhaneh Mesbahi (Ex. 4, page 109-124). Plaintiffs also provide a

23  Petition for Dissolution of Marriage purportedly filed by Katie Mesbahi against the

24  Defendant (Ex. 7, page 144). These all show that at some point within the six years of

25  the date of Defendant's bankruptcy petition, Defendant and Keyhaneh (or Katie)

26  Mesbahi were married.

1   Courts have established that a creditor seeking to revoke a debtor's discharge

2   must prove that "(1) the debtor's oath was made knowingly and fraudulently; and (2)

3   the false oath was related to a material fact." In re Aubrey, 111 B.R. 268, 274 (9th Cir.

4   BAP 1990) (citations omitted). Both elements must be proven to support denial or

5   revocation of a discharge; one without the other is insufficient. Garcia v. Coombs (In re

6   Coombs), 193 B.R. 557, 564 (Bankr.S.D.Cal. 1996) (citations omitted). The omission

7   of a spouse or a former spouse in a petition is clearly material; identification of a

8   spouse or a former spouse suggests the possibility of community assets. In the

9   present matter, the issue turns on whether Plaintiffs have established that the

10  Defendant intended to deceive when he checked the box suggesting he had no

11  spouse or former spouse.

12   Denial of discharge requires a finding of actual intent; constructive intent is

13  insufficient. In re Wills, 243 B.R. 58, 64, (9th Cir. BAP 1999) (citing In re Devers, 759

14  F.2d 751, 753 (9th Cir. 1985)). Intent can be ascertained "from a debtor's pattern of

15  falsity or a reckless indifference to or disregard of the truth." Id. (citing In re Coombs,

16  193 B.R. at 564). Here, reading the evidence as a whole, I find that the Defendant did

17  not appear to actively conceal the existence of his ex-wife, but rather in court

18  hearings, pleadings, and responses, Defendant repeatedly refers to his ex-wife and

19  does not deny either her existence or his marriage to her. While a pattern of falsity

20  might demonstrate intent to disregard the truth, Defendant's conduct in this litigation

21  suggests that the single omission resulting from Defendant's checking "None" in his

22  Statement of Financial Affairs was at least as likely an oversight rather than an

23  intentional misrepresentation. While Defendant does not explain on the record why

24  there was such an omission in his Statement of Financial Affairs, Plaintiffs themselves

25  do not offer any persuasive evidence suggesting that Defendant intended to mislead

26  his creditors thereby. At the same time, Defendant's discovery responses, written and

1    documentary, candidly acknowledge his marriage, specifically in his document

2    production identifying Katie as his ex-wife and including jointly filed tax returns.

3    Plaintiffs knew about his ex-wife to the point of including her in their initial complaint.

4    Plaintiffs have failed to prove by a preponderance or to establish a prima facie basis

5    for me to conclude that the selection of "None" in Defendant's Statement of Financial

6    Affairs regarding his "Spouse or Former Spouse" was intended to defraud. It is at least

7    as likely that it was an innocent oversight, and in any event, Defendant never asserted

8    otherwise that he was unmarried or tried in any other way to conceal his marriage from

9    the Plaintiffs.

10              C. Failure to Identify Income

11         Plaintiffs argue that the Defendant's income is inconsistent with what he

12    identified in his schedules. Both Herzlich and Oved assert by their declarations that

13    the Defendant failed to disclose 2001 income in his Statement of Financial Affairs

14    (Declaration of Herzlich, page 3, paragraph 5, lines 6.5-10.5; Declaration of Oved,

15    paragraph 9, lines 21-25; Ex. 1, page 1, section 1). Defendant lists only income from

16    National Wholesale Corp. for the periods 1/1/02 to 12/31/02 and 1/1/03 to 10/31/03

17    (Ex. 1, page 1, section 1). Plaintiffs, however, point to the absence of reported 2001

18    income without any further evidence to prove their allegations of impropriety

19    (Declaration of Herzlich, page 3, paragraph 5, lines 6.5-10.5; Declaration of Oved,

20    paragraph 9, lines 21-25). On the other hand, Defendant's income tax return for 2001

21    shows that he received no salary or wages in 2001 but did receive income from

22    National Wholesale Corp. (Ex. 4, page 105-119). However, Plaintiffs do not provide

23    any other evidence to establish an intent by the Defendant to defraud when he did not

24    itemize his 2001 income in his Statement of Financial Affairs, especially in light of

25    Defendant's voluntary production of his 2001 tax return and the lack of any showing by

26    Plaintiffs of the materiality of Defendant's omission of modest 2001 income from his

11

1    2003-prepared Statement of Financial Affairs.

2    There is, however, a discrepancy between the Defendant's income as reported

3    in his Statement of Financial Affairs and the evidence of income provided in discovery.

4    For example, the Defendant listed in his Statement of Financial Affairs that he

5    received $35,000 from National Wholesale Corp. from January 1, 2003 through

6    October 31, 2003 (Ex. 1, page 26, question 1). However, in the 2003 tax return

7    produced by the Defendant, he reported only $18,477 of income with $11,000 coming

8    from National Wholesale Corp. and the balance earned by his spouse (Ex. 4, page

9    120). The discrepancy seems to reflect over-reporting in Defendant's Statement of

10    Financial Affairs, not an intent to conceal or defraud.

11    Defendant's admission that he received income from Sam-Rox Industries in his

12    document production does not support a claim of nondisclosure in his bankruptcy

13    filings because the time frame of his receipt of such income is not established, either

14    by the question he was asked (Ex. 3, page 40, paragraph 1 and page 43, question 38)

15    or by his answer (Ex. 4, page 50, paragraph 38). It is Plaintiff's burden to prove the

16    materiality of their claim by a preponderance of the evidence. In my considered

17    judgment, after weighing all the evidence, Plaintiffs have failed to do so here.

18    **4. Miscellaneous Arguments**

19    Plaintiffs assert that Defendant's identification of a $300 watch in his document

20    production reveals a material discrepancy because no jewelry was disclosed in

21    Defendant's schedules (Ex. 4, page 2, paragraph 4; Schedule B, Ex. 1, page 21,

22    question 7). Plaintiffs demanded that Defendant provide, "[i]nformation of any jewelry

23    you and/or your wife may own" (Ex. 3, page 5, paragraph 4). Under the section labeled

24    "Instructions and Definition," the applicable time frame for Plaintiffs request was from

25    January 1, 2003 through the date of Defendant's production (Ex. 3, page 2, paragraph

26    1). For all the evidence shows, Defendant may have acquired the watch post-petition,

in which case it would not have been listed in his Schedules. Plaintiffs do not provide
sufficient evidence to establish a material nondisclosure.

Based on yet another complaint filed in state court, Plaintiffs allege that
Defendant's ex-spouse was an officer and shareholder of a company called Giove
(Ex. 8, page 3, paragraph 17). Along with an Internet report from the California
Secretary of State identifying Defendant's ex-spouse as an agent for service of
process (Ex. 10, page 242), this was the only evidence that Plaintiffs provided to
suggest a business interest owned by the Defendant's wife. Plaintiffs fail to support
this evidence with any foundation that suggests the Defendant had any interest in this
business. Even if in fact Katie owned an interest (which the evidence does not
establish), Katie's interest could have been a separate property interest for all the
evidence demonstrates. Based on the limited evidence introduced by Plaintiffs, I must
find that Plaintiffs' claim regarding Katie's business interests has not been proven by a
preponderance to be relevant to Defendant's bankruptcy.

The Plaintiffs argue that the Defendant during a meeting "admits to paying
mortgage and household expenses from an account in which both he and his father
were signers" (Plaintiff's Trial Brief, 7:11-13; Declaration of Banayan, page 4,
paragraph 11). Aside from this undocumented and unexplained claim of an admission,
the Plaintiffs provided no evidence to corroborate the existence of an admission
against interest or to show ownership. In fact, Defendant's document response (Ex. 4,
page 3, paragraph 25) states to the contrary and unequivocally that "my parents . . .
were the owners of the house [at 3521 Caribeth Drive]." Defendant's statements,
offered in evidence by Plaintiffs, are the strongest and most persuasive evidence in
the record on this point, that Defendant's parents were the owners of the Caribeth
house, and that the Defendant made payments to satisfy his rent obligation to his
parents (Ex. 4, page 3, paragraph 25). Thus, Plaintiffs have failed to prove a basis

13

1   here for revocation of discharge.

2                                  **CONCLUSION**

3          Plaintiffs provide a collage of limited and inconclusive evidence in an attempt to

4   establish a basis for revocation of Defendant's discharge. Plaintiffs fail to provide

5   sufficient evidence to support any of their claims. Judgment will be entered in favor of

6   the Defendant.

7

8   So ordered.

9
    DATED:  12/13/05
10                              _____
                                    THOMAS B. DONOVAN
11                                United States Bankruptcy Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

2

3  TO ALL PARTIES IN INTEREST LISTED BELOW:

4  1.    You are hereby notified that a judgment or order entitled:

5  **MEMORANDUM OF DECISION**

6  was entered on __ DEC 1 3 2005

7  2.    I hereby certify that I mailed a true copy of the order or judgment to the persons

8  and entities listed below on ____ DEC 1 3 2005

9

10  Counsel for Plaintiffs
Shai Oved
The Law Offices of Shai Oved
11  20700 Ventura Blvd, Suit 220
Woodland Hills, CA 91364

12

13  Defendant
Shawn Mesbahi
30181 Anamonte
14  Laguna Niguel, CA 92677

15  Chapter 7 Trustee
David L. Ray
16  Saltzburg, Ray & Bergman
12121 Wilshire Blvd, Suit 600
17  Los Angeles, CA 90025

18  Office of the U. S. Trustee
Ernst & Young Plaza
19  725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

20

21  Dated:    DEC 1 3 2005

22              Wanda G. Toliver
                        Clerk

23

24

25

26